# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MURPHY OIL USA, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-3899** |
| **UNITED STEELWORKERS AFL-CIO LOCAL 8363** | **SECTION: "S" (2)** |

## <u>ORDER AND REASONS</u>

The motion for summary judgment (Doc. # 7) by defendant United Steelworkers AFL-CIO

Local 8363 (Union) is **DENIED**, and the motion for summary judgment filed by plaintiff Murphy

Oil USA, Inc. (Doc. # 9) is **GRANTED, REMANDING** the matter to the arbitrator for the purpose

of conducting a hearing in compliance with Facility Restoration Agreement (FRA) which

incorporated Article IX of the Collective Bargaining Agreement (CBA) between the parties.

## BACKGROUND

This is an action to vacate a labor arbitration award, and this court has jurisdiction under the

Labor-Management Relations Act (LMRA), 289 U.S.C. §185.

Defendant Union and plaintiff Murphy Oil are signatories to a CBA, which, with some

exceptions, was superceded contractually by the FRA. The FRA was executed by the parties after

Hurricane Katrina to accommodate unique personnel needs relative to massive repairs that were

needed to Murphy's facility after the storm.

Among the provisions of the CBA that the FRA expressly incorporated was Article IX, which contains the parties' dispute resolution procedure. Article IX provides that resolution of all disputes and grievances shall occur through a grievance/arbitration procedure, and that the parties would have the ability to present witnesses at a hearing with respect to the grievance. The procedure's jurisdictional provisions also expressly prohibit an arbitrator from adding to or detracting from the agreement.[1]

On November 4, 2005, the Union filed a grievance on behalf of five members relative to Murphy's placement of five incumbent employees on leave of absence without pay. The parties selected an arbitrator and a hearing date scheduled.[2] On March 25, 2008, the day of the scheduled hearing, health problems of one of Union's principal witnesses prevented him from appearing. Because the arbitrator was already en route to New Orleans where the hearing was to be held, the arbitrator held a conference with the parties. No witnesses testified, and no exhibits were introduced.

According to Murphy's Human Resources Manager, Carl Zornes, who was present at the March 25, 2008, conference, the parties agreed that if the arbitrator found that the FRA gave Murphy the right to act in the way that it did, the arbitrator would issue an award to that effect without a hearing. However, if the arbitrator found that Murphy did not have the right to act as it did, the

---

[1]Art. IV, §4 provides that "[e]ither party may at its expense present at any step of the grievance procedure such witnesses as it may desire to aid in the solution of the grievance." Art. IV, §5 provides that the "arbitrator shall not have jurisdiction or authority to add to, detract from or alter in any way the provisions of this Agreement."

[2]The first hearing was abandoned upon the sudden illness of defense counsel, and a new hearing date was scheduled.

arbitrator would convene an evidentiary hearing. Following the conference, the parties submitted briefs.

On June 12, 2008, the arbitrator issued a written award sustaining the Union's grievance. On June 20, 2008, Murphy's counsel wrote to the arbitrator; and requested that he withdraw his award and reopen the matter because he did not follow the agreement among the parties to hold a hearing if the arbitrator did not find that Murphy had the right to act as it did, and because his decision was rendered in violation of Murphy's right to present witnesses pursuant to Article IX of the CBA. On June 30, 2008, Murphy's counsel wrote a second letter to the arbitrator arguing that while Murphy agreed to participate in the March 25, 2008, conference, it did not do so in lieu of a hearing, and that Murphy never agreed to give up its right to call witnesses on its behalf.

On July 9, 2008, the arbitrator issued his decision on the employer's request for reopening the record. The arbitrator noted that "[b]ecause of the lack of formal hearing in the case, but a joint conference in lieu of, I feel that the Employer deserves more latitude in making its argument for reopening than may otherwise be accorded." However, the arbitrator denied Murphy's request to reopen the matter because it "would ... achieve no useful purpose."

Following the arbitrator's decision, Murphy did not reinstate the five employees, and this lawsuit ensured.

The parties have filed cross motions for summary judgment. Murphy seeks a *vacatur* of the arbitration award because Murphy was denied its right to a hearing, and because the award was based in part upon extrinsic evidence that Murphy was not permitted to rebut via witness testimony.

The Union seeks enforcement of the June 12, 2008, arbitration award. The Union argues that

Murphy agreed to submit briefs and documentary evidence instead of testimonial evidence, and that any procedural defects are now waived because Murphy did not object to them until after the unfavorable decision from the arbitrator.

## ANALYSIS

### 1. Legal Standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law."[3] If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.[4]

### 2. Judicial Review of Arbitral Decisions

Judicial review of an arbitration award is "exceedingly deferential."[5] "Review of an arbitration award under both the LMRA and the [Federal Arbitration Act] remains extraordinarily narrow."[6] Under the FAA, a district court may vacate an award only if 1) the award was procured by corruption, fraud, or undue means; 2) there is evidence of partiality or corruption among the arbitrators; 3) the arbitrators were guilty of misconduct which prejudiced the rights of one of the

---

[3]*Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. Proc. 56(c).

[4]*Celeotex Corp. v. Catrett*, 106 S.Ct. 2548, 2552 (1986).

[5]*American Laser Vision, PA v. Laser Vision Institute*, LLC, 487 F.3d 255, 258 (5th Cir. 2007)*(citing Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 3521 (5th Cir. 2004).

[6]*Internat'l Chem. Workers Union v. Columbian Chem. Co.*, 331 F.3d 491, 495 (5th Cir. 2003). The FAA, 9 U.S.C. §§1-16, applies to individual arbitration agreements, and the federal court may rely on it for guidance for reviewing arbitration awards. *Id*. at 494.

parties; or 4) the arbitrators exceeded their power.[7] An additional ground for vacating an arbitration award is that in making the award, the arbitrator acted with manifest disregard for the law.[8]

"Where there is a CBA which is governed by the LMRA, 'courts have no business overruling [the Arbitrator] because their interpretation of the contract is different from [the arbitrator's].'"[9] "'[A]n arbitrator is confined to interpretation and application of the [CBA]; he does not sit to dispense his own brand of industrial justice."[10] "'If we determine that the arbitrator has acted within the ambit of his authority as set by an arguable construction of the CBA, we have no authority to reconsider the merits of the arbitration award, even if the parties argue that the award is based on factual errors or on misinterpretation of the CBA.'"[11]

The courts "do not look over the shoulder of the Arbitrator in order to alter his credibility decisions, rather we only consider whether the Arbitrator provided a fair and full hearing consistent with the FAA and the LMRA."[12] "A fundamentally fair hearing is one that meets the minimal requirements of fairness - adequate notice, a hearing on the evidence, and an impartial decision by

---

[7]*Id.* at 495.

[8]*Id.* at 495.

[9]*Id.* at 495 (*quoting United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 599 (1960)).

[10]*Id.* at 495 (*quoting United Steelworkers*, 363 U.S. at 597)).

[11]*Id.* at 495 (*quoting Weber Aircraft, Inc.*, 253 F.3d 821, 824 (5th Cir. 2001)).

[12]Id. at 496.

the arbitrator."[13]  An evidentiary error "must be one that is not simply an error of law, but which so affects the rights of a party that it may be said that he was deprived a fair hearing."[14]

In this case, Murphy argues that the issue is not whether there was a "fundamentally fair" hearing, but that there was no hearing at all.  Union acknowledges that  "the arbitrator precluded Murphy from presenting live testimony at an evidentiary hearing."  However, Union argues that Murphy waived its right to a hearing because it did not object to not having a hearing until after the arbitrator's unfavorable decision.  Murphy argues that it had  no notice that the arbitrator was going to revoke Murphy's right to a hearing until the unfavorable ruling, and attaches an affidavit from Zornes, who recounts that at the March 25, 2008, conference, the arbitrator told the parties that if he found that the FRA did not grant Murphy the right to act as it did, the arbitrator would convene a hearing, and take testimony and documentary evidence from the parties.  Union offers no countervailing evidence, except to argue that Murphy's briefing is suggestive of a waiver of its right to a hearing.

The court's review of the arbitrator's actions is very limited; however, the court has authority to vacate an award if a party has been denied a fundamentally fair hearing.  Both parties agree that a hearing on Union's grievance did not occur.  Further, Zorne's affidavit supports that Murphy did not waive its right to a hearing at the March 25, 2008, conference.  Zorne's affidavit is competent

---

[13]*Karaha Bodas Co., LLC v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 299 (5th Cir. 2004)(citations omitted).  "Every failure of an arbitrator to receive relevant evidence does not constitute misconduct requiring *vacatur* of an arbitrator's award.  A federal court may vacate an arbitrator's award only if the arbitrator's refusal to hear pertinent and material evidence prejudices the rights of the parties to the arbitration proceedings."  *Id.* at 301.

[14]*Forsythe Intern., SA v. Gibbs Oil Co. of Tx*, 915 F.2d 1017, 1023 (5th Cir. 1990)(*quoting Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co.*, 397 F.2d 594, 599 (3rd Cir.), *cert denied*, 393 U.S. 954 (1968)).

summary judgment evidence and is uncontradicted. It is apparent from the correspondence between Murphy's counsel and the arbitrator, that the arbitrator strayed from the agreement struck at the conference. The arbitrator did not find that Murphy had the right to act as it did, and therefore under the terms of the agreement, the arbitrator was required to commence an evidentiary hearing. His failure to do so was fundamentally unfair. In vacating the arbitrator's decision, the court does not express an opinion on the merits on the underlying merits of the Union's grievance.

Under these unique facts, the motion for summary judgment by defendant United Steelworkers AFL-CIO Local 8363 is **DENIED**, and the motion for summary judgment filed by plaintiff Murphy Oil USA, Inc., is **GRANTED, REMANDING** the matter to the arbitrator for the purpose of conducting a hearing in compliance with Facility Restoration Agreement which incorporated Article IX of the Collective Bargaining Agreement between the parties.

New Orleans, Louisiana, this __4th__ day of March, 2009.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**